UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                      CASE NO.:     13-33654-JKO
                                                                                  and
GENESIS CHRISTIAN CENTER, INC.,         CASE NO.:     13-33657-JKO
et. al.,                                                          (Jointly Administered)
         Debtors.                                           Chapter 11
_____/

**MOTION TO VACATE OR, ALTERNATIVELY, TO MODIFY AMENDED INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION AND SCHEDULING CONTINUED HEARING**

Secured Creditor, Mr. Carmine E. Guastafeste (hereinafter, "Mr. Guastfeste" or "Movant"), by and through undersigned counsel, and pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure and Rule 60(b)(1) and (4), Federal Rule of Civil Procedure, files this Motion To Vacate or, Alternatively, to Modify Amended Interim Order Authorizing the Use of Cash Collateral, Granting Adequate Protection and Scheduling Continued Hearing, and in support thereof, Mr. Guastafeste states as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).

2.      On October 1, 2013, Genesis Christian Center, Inc. and Genero Educational Multiplex, Inc. (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. In the Genesis Christian Center, Inc. bankruptcy (case no.: 13-33654) Debtors filed an Emergency Motion For Entry Of An Interim Order (A) Authorizing Use of Certain Cash Collateral and (B) Granting Substitute and Additional Liens an Other Relief [D.E. 5] (hereinafter, the "Motion to Use Cash Collateral").

3.      In Paragraph 6 of the Motion to Use Cash Collateral, Debtors accurately state that in March 2010, Debtor Genesis Christian Center, Inc. entered into the following two transactions valued at approximately $3,300,00.00 and financed in part by a subordinate loan funded by C&R

Sixty Five Holdings, LLC in the amount of approximately $1,000,000.00:

    a. that certain transaction for the purchase of real property and improvements located at 6501 W. Commercial Boulevard, Tamarac, Florida (hereinafter, the "Commercial Boulevard Property"), which transaction was financed by a loan in the principal amount of $700,000.00 from C & R Sixty Five Holdings, LLC and secured by a Second Mortgage and Security Agreement (hereinafter, the "Second Mortgage") on the real property which was duly recorded in Official Records Book 46903, Pages 39 -54. (A true and correct copy of the Second Mortgage is attached hereto as Exhibit "A".)

    b. certain personal property on the premises which comprised the catering facilities commonly known as "Diamantes Banquet Center," which transaction was financed by a loan from C & R Sixty Five Holdings, LLC and secured by a State of Florida Uniform Commercial Code Financing Statement (hereinafter, the "UCC Financing Statement") covering the property located at the Commercial Boulevard Property as well as a condominium more particularly described as Units 7 and 8, Morgan Professional Center Condominium, a condominium according to the Declaration of Condominium, recorded in Official Records Book 41516, Page 269, and all amendments thereto, of the Public Records of Broward County, Florida. The UCC Financing Statement was perfected by registration with Florida Secured Transaction Registry on March 4, 2010. (A true and correct copy of the UCC Financing Statement filed with the Florida Secured Transaction Registry and recorded in the Broward County Public Records is attached hereto as Composite Exhibit "B".)

4. In Paragraph 10 of the Second Mortgage Debtor Genesis Christian Center, Inc. explicitly granted to C & R Sixty Five Holdings, LLC loan the following assignment as further security for repayment of the loan:

> 10. **Assignment of Leases.** As further security for the repayment of the Loan, Mortgagor hereby assigns and transfers to Mortgagee all rents, issues and profits of the Property and/or Improvements and all right, title and

interest of Mortgagor in and under all leases (and any extensions and renewals thereof) now or hereafter affecting the Property and/or Improvements. Although Mortgagor and Mortgagee intend that this instrument shall be a present assignment, it is expressly understood and agreed that so long as no default shall exist under the Note, this Mortgage, or any other Loan Document, Mortgagor may collect assigned rents and profits for not more than two (2) months (plus security deposit) in advance of the accrual thereof, but upon the occurrence of any such default, or at any time during its continuance, all right of mortgagor to collect or receive rents or profits shall wholly terminate upon notice from Mortgagee.

5. The Second Mortgage was subsequently assigned to Mr. Guastafeste on April 14, 2011, through an Assignment of Second Mortgage and Security Agreement which was recorded on May 18, 2011 in Official Records Book 47926, Page 1121 of the Public Records of Broward County, Florida.  (A true and correct copy of the Assignment of Second Mortgage and Security Agreement is attached hereto as Exhibit "C".)  And, on May 18, 2011 the UCC Financing Statement was duly assigned to Mr. Guastafeste, which assignment was registered with the State of Florida and recorded in Official Records Book 47926, Page 1124 of the Public Records of Broward County, Florida.  (A true and correct copy of the assignment of the UCC Financing Statement is attached hereto as Exhibit "D".)  Thus, Mr. Guastafeste is a secured lender pursuant to the terms and conditions of the above-referenced loan documents, with a properly perfected interest the real and property and any cash collateral including, but not limited to rent from any lease, collections, and any other operations taking place at the Property.

6. The Motion to Use Cash Collateral requested authority to use cash collateral which Debtors state may be secured by an interest belonging to Movant.  Neither the proposed order nor the actual interim order that was subsequently entered by this Court made any provision for adequate protection of Movant's interest in the cash collateral, however.

7. Section 363(c)(2) of the Bankruptcy Code prohibits the Debtors' ability to use,

sell, or lease cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes the use, sale, or lease in accordance with the provisions of this section.  In this case, the Debtors failed to meet the requirements of Section 363(c)(2) and therefore the order granting the Motion to Use Cash Collateral should be vacated.  Alternatively, the Order should be modified to provide for adequate protection in the form of either a post-petition first priority security interest in and liens upon all assets and property of the Genesis Debtor and the estate, and all proceeds thereof, which are or have been acquired, generated or received by either debtor or another equivalent replacement lien.

8. Here, the Debtors did not seek the consent of Movant and Movant has not consented to the Debtors' use of cash collateral.  Further, in violation of Movant's Due Process rights, the Debtors failed to provide Movant with timely notice of the hearing on the Motion to Use Cash Collateral.  The hearing was set for Friday, October 4, 2013.  On Saturday, October 5, 2013, however, after the hearing had already taken place, Movant received a copy of the Notice of Hearing on the Motion To Use Cash Collateral in an envelope mailed on October 2, 2013 (based on the postage date on the stamp).  (A true and correct copy of the envelope received by Movant on Saturday, October 5, 2013, is attached hereto as Exhibit "E".)

9. The Supreme Court of the United States set forth the due process requirement for notice in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), stating as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.  The notice must be of such nature as reasonably to convey the required information … and it must afford a

reasonable time for those interested to make their appearance.

*Id*. at 314.  The Supreme Court further explained in *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978) that "[t]he purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing."  In this case, Movant was given notice by regular first class mail that was mailed just two calendar days before the hearing was scheduled to take place and delivered one day *after* the hearing had already taken place.  It is evident that the notice provided to Movant in this case fell below the requirements of Due Process, resulting in denying Movant an opportunity to be heard on the issue of the use of the cash collateral in which he has an interest.

      10.      Although in the Motion to Use Cash Collateral (for example, Paragraphs 6, 8, 18, 19, and 22), the Debtors contemplate providing Movant with adequate protection in the form of a "replacement lien post-petition, to the same extent and priority as they held pre-petition liens and security interests[]" (see Paragraph 22), the interim order that was entered in this case on October 10, 2013 [Docket entries 26 and 27]   made no provision for adequate protection for Movant's interest in the property.

      11.      Accordingly, pursuant to Rule 60(b)(4) Movant respectfully submits that the October 10, 2013 Amended Interim Order Authorizing The Use of Cash Collateral, Granting Adequate Protection and Scheduling Continued Hearing is void and should be vacated; alternatively, the Order should be modified to provide for adequate protection for Movant.

      WHEREFORE Movant respectfully requests that this Court grant his Motion To Vacate or, Alternatively, to Modify Amended Interim Order Authorizing the Use of Cash Collateral, Granting Adequate Protection and Scheduling Continued Hearing by either vacating the Order or modifying it to provide for adequate protection for Movant, grant Movant reasonable attorney's

P a g e | **6** of **7**     In Re: Genesis Christian Center, Inc.
S.D. Fla. Bankruptcy Case No.: 13-33654-JKO

fees and costs for having to interpose this motion, together with such further and other relief as this Court deems appropriate under the circumstances.

### CERTIFICATION OF ADMISSION UNDER LOCAL RULE 2090-1

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

By: __/s/ Natasha M. Dalton_____
Ronald S. Nisonson, Esq., FBN 079405
Natasha M. Dalton, Esq. FBN 17814
WARD DAMON POSNER PHETERSON & BLEAU
4420 Beacon Circle
West Palm Beach, Florida  33407
Office: (561) 842-3000
Fax:      (561) 842-3626
Primary email:  litservice@warddamon.com
Secondary email:  rnisonson@warddamon.com
Tertiary email:  ndalton@warddamon.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, a copy of this Motion To Vacate Amended Interim Order Authorizing the Use of Cash Collateral, Granting Adequate Protection and Scheduling Continued Hearing was sent via electronic service to the parties registered to receive such service in the CM/ECF system.

By: __/s/ Natasha M. Dalton_____
     Natasha M. Dalton, FBN17814

## SERVICE LIST

Peter E. Shapiro, Esq.
Attorney for Debtors Genesis Christian Center, Inc. and Genero Educational Multiplex, Inc.
1351 Sawgrass Corporate Parkway, Suite 101
Fort Lauderdale, FL  33323
(954) 317-0133
Email:  pshapiro@shapirolawpa.com
Method of Service: CM/ECF

Steven Turner, Esq.
Office of the US Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, Florida 33130
(305) 536-7285
Email:  Steve.r.turner@usdoj.gov
Method of Service: CM/ECF

Steven Schneiderman, Esq.
Office of the US Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, Florida 33130
(305) 536-7285
Email:  Steven.d.schneiderman@usdoj.gov
Method of Service: CM/ECF